

**SIGNED this 08 day of October, 2010.**

_____
**John C. Cook**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Corey Morris Stokes** | ) | **No. 06-11296** |
| | ) | **Chapter 13** |
| Debtor | ) | |

### MEMORANDUM

This case is before the court on the Application and Request for Payment of Administrative

Expenses filed by the City of Chattanooga, Tennessee, on July 16, 2010. Specifically, the City seeks

an order directing the payment of certain real property taxes as administrative expenses of the

chapter 13 estate pursuant to 11 U.S.C. § 503(b)(1)(B)(i).[1] In opposing the payment of the real prop-

erty taxes as administrative expenses, the chapter 13 trustee argues that 11 U.S.C. § 1305(a)(1),

_____

[1] The application requests that the administrative expenses have priority over all other admin-
istrative expense claims, but the City has cited no authority for such a superpriority and the court
is aware of none.

-1-

which permits the filing of postpetition tax claims against a chapter 13 debtor, precludes the City

from receiving administrative expense treatment of the taxes. The parties have submitted this matter

for decision upon briefs and a stipulation of facts.

The record reflects that the debtor filed a chapter 13 bankruptcy petition on May 3, 2006. An

order was entered on June 19, 2006, confirming the debtor's chapter 13 plan. That plan provides,

among other things, that "[a]ll administrative expenses under 11 U.S.C. §§ 503(b) and 1326 will be

paid in full." The order confirming the plan provides that "[p]roperty of the estate does not vest in

the debtor(s) until completion of the plan." The parties stipulated that, at the time the debtor filed

his bankruptcy petition, he owned real property located at 909 Sylvan Drive, Chattanooga, Tennes-

see, and that such property is included in the debtor's estate. The parties have also stipulated that,

for the tax years 2006, 2007, 2008, and 2009, real property taxes and interest have accrued on that

real property, that the property taxes are delinquent, and that the taxes became a lien on the debtor's

property on January 1 of each calendar year. The City now seeks the payment of those delinquent

real property taxes and interest as administrative expenses of the debtor's chapter 13 estate under

11 U.S.C. 503(b)(1)(B)(i).[2]

Section 503(b)(1)(B)(i) of the Bankruptcy Code reads as follows:

(b) After notice and a hearing, there shall be allowed administrative expenses, other
than claims allowed under section 502(f) of this title, including—

(1) . . . .

. . . .

---

[2] The application seeks the payment of $875.72 for 2006, $778.11 for 2007, $680.51 for
2008, and $553.94 for 2009.

-2-

(B) any tax—

(i) incurred by the estate, whether secured or unsecured, including property taxes for which liability is in rem, in personam, or both, except a tax of a kind specified in section 507(a)(8) of this title.

In determining whether the real property taxes owed to the City should be allowed as administrative expenses under 11 U.S.C. § 503(b)(1)(B)(i), the court must decide whether the taxes were (1) incurred by the estate, and (2) of a kind specified in § 507(a)(8). *City of White Plains v. A & S Galleria Real Estate, Inc. (In re Federated Dep't Stores, Inc.)*, 270 F.3d 994, 1000 (6th Cir. 2001).

First, the court will examine whether the debtor's estate "incurred" the real property taxes within the meaning of § 503(b)(1)(B)(i). In *Federated Department Stores*, the Sixth Circuit Court of Appeals stated that state law determines when a tax is incurred, and a property tax is "incurred" when it accrues and becomes a fixed liability. *Id.* at 1001-04. In Tennessee, real property taxes become both a lien on the property and a "personal debt of the property owner or property owners" as of January 1 of the tax year. T.C.A. § 67-5-2101.

When the debtor filed his chapter 13 petition on May 3, 2006, he owned the Sylvan Drive property. Upon the filing of the petition, that real property became property of the estate, 11 U.S.C. §§ 541(a)(1), 1306(a), although in a chapter 13 case the debtor remains in possession of property of the estate, *id.* § 1306(b). Confirmation of the debtor's plan vests all of the property of the estate in the debtor "[e]xcept as otherwise provided in the plan or the order confirming the plan" *Id.* § 1327(b). As noted, the order confirming the plan in this case "otherwise provide[s]," stating that "[p]roperty of the estate does not vest in the debtor(s) until completion of the plan." The debtor has not yet completed the plan, so the Sylvan Drive property became property of the estate on May 3, 2006, and has remained property of the estate continuously thereafter.

Because the owner of the property on January 1, 2006, was the prepetition debtor and not the chapter 13 estate, the 2006 taxes were not "incurred by the estate" and cannot, therefore, constitute an administrative expense. However, because the property belonged to the debtor's chapter 13 estate on January 1 of each of the three succeeding years, the 2007, 2008, and 2009 taxes were "incurred by the estate." Hence, the first prong of §503(b)(1)(B)(i) is satisfied with respect to the 2007-2009 taxes.

Next, the court "must decide if the property taxes at issue are the kind specified in § 507(a)-(8), that is, whether the claim is for 'a property tax assessed before the commencement of the case.' If so, the taxes are not administrative expenses." *Federated Dep't Stores*, 270 F.3d at 1004. In determining the "assessment" date, the court does not look to state law: "While many states define assessment, it is federal law that determines what actions constitute an assessment under § 507(a)(8)-(B)." *Id.* In *Federated Department Stores*, the Sixth Circuit held that a property tax is "assessed" within the meaning of § 507(a)(8)(B) at the same time that it is "incurred" under § 503(b)(1)(B)(i), namely when liability is fixed and the entity is made liable for the tax. *Id.* at 1004-1005. Applying that principle to the instant case, it is clear that the 2007, 2008, and 2009 real property taxes were "assessed" postpetition.

Despite the fact that the 2007, 2008, and 2009 real property taxes meet the requirements of § 507(a)(8)(B), the chapter 13 trustee argues that a number of cases support his position that postpetition taxes in a chapter 13 case should be paid as a postpetition claim under § 1305(a)(1) of the Bankruptcy Code rather than as an administrative expense under § 503(b)(1)(B)(i). *See, e.g., United States v. Chavis (In re Chavis)*, 47 F.3d 818, 819 n.4 (6th Cir. 1995); *In re Turner*, 420 B.R. 711, 716 (Bankr. E.D. Mich. 2009); *In re Brown*, No. 05-41071, 2006 WL 3370867, at *2 (Bankr. D.

-4-

Mass. Nov. 20, 2006); *In re Israel*, No. 91-91-C H, 1994 WL 16807329, at *2 (Bankr. S.D. Iowa

Jan. 25, 1994); *In re Gyulafia*, 65 B.R. 913, 916-17 (Bankr. D. Kan. 1986). Section 1305 provides

that "[a] proof of claim may be filed by any entity that holds a claim against the debtor . . . for taxes

that become payable to a governmental unit while the case is pending" and that, if the taxing authori-

ty files such a proof of claim, it "shall be allowed . . . or disallowed . . . the same as if such claim had

arisen before the date of the filing of the petition." Because § 1305(a)(1) addresses postpetition tax

claims held by a governmental entity against a debtor, the trustee believes that § 1305(a)(1) conflicts

with § 503(b)(1)(B)(i) and that § 1305(a)(1), being the more specific statute, should control over the

more general administrative expense statute. The two statutes, however, are not in conflict. They

simply apply in different circumstances: § 503(b)(1)(B)(i) applies when the tax is "incurred by the

estate" and § 1305(a)(1) applies when the governmental entity "holds a claim against the debtor."[3]

As explained above, a Tennessee real property tax that becomes a personal liability of the owner of

the property is "incurred by the estate" if the property belongs to the estate on January 1 of the tax

year. Hence, so long as the property remains property of the estate, § 503(b)(1)(B)(i) applies and

§ 1305 does not. The reverse is true with respect to income taxes – the kind of taxes involved in the

cases supporting the trustee's position – because income taxes constitute a "claim against the

debtor."[4] Section 1305 would also apply, and § 503(b)(1)(B)(i) would not, with respect to real

---

[3] The suggestion in *Gyulafia* that "Section 1305(a) clearly indicates that the government holds the post-petition tax claim 'against the debtor' and not the estate," *In re Gyulafia*, 65 B.R. 913, 917 (Bankr. D. Kan. 1986), is not supported by the language of § 1305(a). That provision applies and controls *if* the government holds a postpetition claim "against the debtor"; the statute does *not* dictate that any postpetition tax claim is *per se* a claim "against the debtor."

[4] The Internal Revenue Code provides that "no separate taxable entity shall result from the commencement of a case under title 11 of the United States Code" except in chapter 7 and chapter
(continued...)

property taxes when the plan or confirmation order does not provide that property of the estate remains property of the estate after confirmation; in that event, any tax becoming a personal liability of the owner of the property after confirmation would be a "claim against the debtor" because, after confirmation, it would be the debtor, not the bankruptcy estate, that owns the property. *Cf. In re Jenkins*, 417 B.R. 462, 469-71, 470 n.5 (Bankr. N.D. Ohio 2009) (permitting filing of proof of claim for real property taxes, relying in part on § 1327(b)'s vesting of property of estate in debtor upon confirmation, and recognizing that "postpetition real estate taxes will normally qualify as an administrative expense under § 503(b)(1)(B)(i)").

Finally, the trustee asserts that the City's request for payment of the administrative expenses was untimely. Although it would certainly have been preferable for the City to have filed its request earlier in the case, the trustee has failed to cite any authority that would support denying the request as untimely. Moreover, it was stated during argument that, if the City's request for payment of the taxes is granted, the debtor would be able to pay those administrative expenses through his plan.

For the foregoing reasons, the court holds that the 2006 real property tax does not constitute an administrative expense, but that the 2007-2009 taxes do constitute administrative expenses. An order will be entered in accordance with this memorandum.

###

---

[4] (...continued)
11 cases. 26 U.S.C. §§ 1399, 1398; *see also* 11 U.S.C. § 346(a), (b) (making these rules applicable to state income taxes). Thus, the IRS takes the position that postpetition taxes are not "'incurred by the estate' as is required for a tax to be characterized as an administrative expense pursuant to B.C. § 503(b)(1)(B)(i)" and that "post-petition taxes constitute a liability of the debtor, rather than the estate." *I.R.S. C.C.A.* 200113027, 2001 WL 307746 (Mar. 30, 2001). Some courts have agreed in the chapter 12 context, *e.g.*, *United States v. Hall*, No. 08-17267, 2010 WL 3211822 (9th Cir. Aug. 16, 2010), and some courts have disagreed, *e.g.*, *Knudsen v. IRS*, 581 F.3d 696, 708-10 (8th Cir. 2009).